SMITH, J.,
delivered the opinion of the Court:
(After stating the Case.) As the first question, it may be observed, that it is a general rule, well established, that in Cases before Justices of,the Peace, orders, summary proceedings, and trials before newly created jurisdictions, who proceed not according to the course of the Common Law ; and where the party cannot have a Writ of Error, he shall have a Certiorari, (a) And further, the Certiorari may be awarded after verdict, and before judgment, as declared by Lord Holt, (b) and as was done in a Case of a special verdict on an Indictment for murder, (c) And, although in some cases in. the English Courts, it has been held that the Certiorari would not lie after verdict, and before judgment, it may be remarked, that those were Cases of proceedings in Courts of Record, and the reason for refusing the Writ in those Cases was, that if the Cases were removed, the Court before whom they would be brought, not being acquainted with the facts proved, could not correctly assess the fine, which reason does not exist here, where the fine is assessed by the jury. It would seem, therefore, that in ’ our Courts a Certiorari may be awarded after verdict, and before judgment, but in the Case now before the Court, it does appear from the record, that there has in fact been no verdict of conviction against the Defendants, and, therefore, there can be no doubt whatever of the propriety of awarding a Certiorari in this Case. And the Court is further of opinion, that a Judge of the General Court has the power and authority-to do so in vacation, in a Case arising within his jurisdiction, (d)
In considering the second question adjourned,'“ whether the Defendants ought to be tried and convicted without an Indictment being found against them, or without being informed by some regular proceeding, of the cause and nature *of the accusation against them,” it becomes necessary to enquire what is the regular form and manner of proceeding in such Cases. It will be found, that the 1st and 2d sections of our Statute for punishment of riots, routs, and unlawful assemblies, are copied from the Statutes 13 Hen. 4, ch. 7, and 19 Hen. 7, ch. 18, with this difference only, that by our Law *229 the fine is assessed by the jury, and under the English haws, by the Justices. The Statute of Hen. 4, had received its construction in the English Courts, and the form of proceeding under it was well settled before it was copied into our Code. It ought, therefore, to receive the same construction here, and be proceeded upon in like manner. In proceeding under this Statute of Henry 4, the record of a riot expressly mentioned to have happened within the view of the Justices by whom it is recorded, is a conviction of so great authority, that it can no way be traversed, however little ground of truth there might be to affirm that any riot at all was committed, (e) and the Defendants ought immediately to be committed until they make fine and ransom to the King, (f) The second clause in the Statute provides, that “ if the offenders be departed before the coming of the said Justices, and Sheriff, the same Justices, three or two of them, shall diligently enquire within a month after such riot, assembly, or rout of people so made, and thereof shall hear and determine according to the Eaw of the Eand.” And such enquiry is to be by a jury, in order to which, the Statute 19 Hen. 7, ch. 13, provides for the summoning a jury for that purpose, (g) as in our Act. And such Justices are authorised to “ hear and determine according to the Eaw of the Eand,” and therefore it is said, they may award process against those who shall be indicted before them, according to the form of this Statute, and also may award the like process for the trial of a traverse of such an inquisition : (h) and the riot being so found by inquisition, the Justices must make a record of such their enquiry, or presentment found before them : (i) thus, we find, that a record made upon view of the Justices, is a conviction, and cannot be traversed : that *made after the rioters have departed, and by a jury, is called an Inquisition, Indictment, or Presentment, indiscriminately, and such are never considered as final and conclusive against the Defendants, who are always entitled to a traverse in such cases. This right is expressly recognized by the authority above referred to, and to deny it to him would be in violation of the best established legal principles, and of the express provision of the Bill of Rights, “ that in Criminal prosecutions a man hath a right to demand the cause and nature of his accusation ; to be confronted with his accusers, and witnesses, and to call for evidence in his favor.” His accidental presence at the taking of the Inquisition, and his being heard, cannot divest him of his right to a traverse ; for, it is not until after the Inq uisition, or Indictment is found, that he can distinctly know the nature and cause of the accusation against him. And although the Act of Assembly expressly directs that the jury of inquest shall assess the fine, which cannot be reduced, or mitigated by the traverse jury, this circumstance affords no argument against the right of traverse as to his being guilty of the offence. The fine being assessed by the jury of inquest, results from the necessity of the case ; for, if it is not done, and the Defendants would not traverse the Inquisition, the Eaw could not be executed, and it would be a strange argument to say that, because the Defendant is from the necessity of the case, deprived of a privilege which would otherwise be considered reasonable, therefore he shall be deprived of the other important privilege of proving his innocence.
If these principles be correct, it necessarily follows, that the Inquisition, Indictment, or Presentment, should charge the offence with convenient certainty ; it should be at least as special and certain as an Indictment by a Grand Jury in ordinary cases. In the case now before us, the Inquisition only finds the Defendants guilty of a riot, without stating the time, place, or manner of committing it, or any facts which in Eaw constitute a riot. It is therefore defective and insufficient.
The following is the judgment of the Court:
1. That a Certiorari can properly be awarded after a verdict against rioters, in a proceeding under the Act of Assembly, inti-tuled, “ An Act for the suppression and punishment of riots, routs, and unlawful assemblies.”
*2. That the Defendants in this Case being prosecuted under the second section of the Act, ought not to be tried and convicted without an Inquisition, or Indictment found against them, setting forth the nature and cause of the accusation.
3. That the judgment of the Superior Court in this Case ought to be, that the verdict, and proceedings before the Justices be quashed, there not being a sufficient Inquisition.
All which is ordered to be certified.

 1 Lord Raymond, 469; 7 Term Rep. 369.

 2 Lord Raymond, 938.

 Ibid. 1574.

 1 Rev. Code of 1819, ch. 69, § 45, p. 237.

 4 Burn’s Justice, 103, “Riots, Routs, &c.”; 1 Hawk. ch. 65.

 4 Burn’s Justice, 104; 1 Hawk. ch. 65.

 4 Burn’s J. 104.

 4 Burn, 105 ; 1 Hawk. ch. 65.

l) Dalton, ch. 82.